(Slip Opinion)      Cite as: 546 U. S. ____ (2006)      1

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 04–1581

WISCONSIN RIGHT TO LIFE, INC., APPELLANT *v.* FEDERAL ELECTION COMMISSION

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

[January 23, 2006]

PER CURIAM.

The Bipartisan Campaign Reform Act of 2002 (BCRA), §203, 116 Stat. 91, prohibits corporations from using their general treasury funds to pay for any "electioneering communications." 2 U. S. C. §441b(b)(2) (2000 ed., Supp. III). BCRA §201 defines "electioneering communications" as any broadcast, cable, or satellite communication that refers to a candidate for federal office and that is broadcast within 30 days of a federal primary election or 60 days of a federal general election in the jurisdiction in which that candidate is running for office. 2 U. S. C. §434(f)(3). Appellant Wisconsin Right to Life, Inc. (WRTL) brought this action against the Federal Election Commission (FEC), seeking a judgment declaring BCRA unconstitutional as applied to several broadcast advertisements that it intended to run during the 2004 election. WRTL also sought a preliminary injunction barring the FEC from enforcing BCRA against those advertisements. WRTL does not dispute that its advertisements are covered by BCRA's definition of prohibited electioneering communications. Instead, it contends that BCRA cannot be constitutionally

applied to its particular communications because they constitute "grassroots lobbying advertisements." Although the FEC has statutory authority to exempt by regulation certain communications from BCRA's prohibition on electioneering communications, §434(f)(3)(B)(iv), at this point, it has not done so for the types of advertisements at issue here.

The three-judge District Court denied the motion for a preliminary injunction and subsequently dismissed WRTL's complaint in an unpublished opinion. We noted probable jurisdiction, 545 U. S. ___ (2005). Appellant asks us to reverse the judgment of the District Court because that court incorrectly read a footnote in our opinion in *McConnell* v. *Federal Election Comm'n,* 540 U. S. 93, (2003), as foreclosing any "as-applied" challenges to the prohibition on electioneering communications. We agree with WRTL that the District Court misinterpreted the relevance of our "uphold[ing] all applications of the primary definition" of electioneering communications. *Id.*, at 190, n. 73. Contrary to the understanding of the District Court, that footnote merely notes that because we found BCRA's primary definition of "electioneering communication" facially valid when used with regard to BCRA's disclosure and funding requirements, it was unnecessary to consider the constitutionality of the backup definition Congress provided. *Ibid.* In upholding §203 against a facial challenge, we did not purport to resolve future as-applied challenges.

The FEC argues that the District Court also rested its decision on the alternative ground that the facts of this case "suggest that WRTL's advertisements may fit the very type of activity *McConnell* found Congress had a compelling interest in regulating." No. 04–1260 (DC, Aug. 17, 2004), App. to Juris. Statement 8a. It is not clear to us, however, that the District Court intended its opinion to rest on this ground. For one thing, the court used the word "may." For another, its separate opinion dismissing

Per Curiam

WRTL's challenge with prejudice characterized its previous opinion as holding that "WRTL's 'as-applied' challenge to BCRA is foreclosed by the Supreme Court's decision in *McConnell*." *Id.,* at 3a. Given this ambiguity, we cannot say with certainty that the District Court's dismissal was based on this alternative ground.

   We therefore vacate the judgment and remand the case for the District Court to consider the merits of WRTL's as-applied challenge in the first instance.

*It is so ordered.*